John Hazinski
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 fax
hazinski@loevy.com
*Attorney for Alfredo Gonzalez*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jose Juan Maysonet, Jr.,** | Case No. 18 C 2342 |
| Plaintiff, | Hon. Mary M. Rowland, District Judge |
| v. | |
| **Reynaldo Guevara et al.,** | **Non-Party Alfredo Gonzalez's Motion to Quash Subpoena** |
| Defendants. | |

Non-party Alfredo Gonzalez, by and through his attorney, hereby moves to quash the subpoena issued by the Defendants in this case to the Illinois Department of Corrections on December 6, 2019. In support of the motion, Gonzalez states as follows:

### Background

On November 22, 2019, counsel for Defendants Halvorsen, Mingey, Epplen, Montilla and Paulnitsky sent the undersigned counsel notice of a subpoena to the Illinois Department Corrections (IDOC) seeking nineteen different categories of correctional records and other documents concerning Alfredo Gonzalez and Justino Cruz. Gonzalez's and Cruz's counsel objected to

the subpoena on the grounds that it seeks irrelevant information, is overly broad and unlimited in temporal scope, seeks potentially privileged information, and unreasonably invades the privacy of third parties. *See* Email Correspondence, Ex. B at 4.

Counsel for Gonzalez, Cruz, and the defendants sought to resolve these objections in a phone conference on December 6, 2019 but were unable to reach agreement. *See id.* at 2. Later that day, the defendants elected to issue the subpoenas over counsel's objections, although the defendants requested that the IDOC refrain from producing any records until the Court ruled on those objections. *Id.* at 1. Gonzalez now moves to quash the subpoena.

## Argument

Federal Rule of Civil Procedure 45 requires quashing or modifying a subpoena that "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(a). Because Gonzalez is not a party to this suit, the burdensomeness of the subpoena is of particular importance; "[i]t is one thing to subject *parties* to the trials and tribulations of discovery . . . but a non-party doesn't usually have a horse in the race." *Reed v. Illinois*, 318 F.R.D. 77, 79 (N.D. Ill. 2016); *see also Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) ("'[N]on-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue."). In addition, "[i]f the information sought would not 'assist[] in the

1

exploration of a material issue' in the case, then a subpoena should be quashed." *Envtl. Law & Policy Ctr. v. Syngenta Crop Prot., LLC*, No. 11-CV-2521, 2011 WL 2837417, at *1 (N.D. Ill. July 13, 2011) (quoting *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)).

The defendants' request for nineteen distinct categories of Gonzalez's correctional records without any temporal limitation is vastly overbroad and seeks irrelevant information. Among the categories of documents defendants seek are Gonzalez's grievances, records of his participation in prison work programs and educational programs, his disciplinary record, and housing assignment and transfer documents for the entire duration of his incarceration at any IDOC facility. These examples of irrelevant requests are emblematic of the subpoena as a whole, and they illustrate that the defendants are pursuing documents with no conceivable relation to any issue in this litigation.

When asked to identify the relevance of the subpoenaed documents during the conference, the defendants were able to articulate only one theory: that the documents are relevant to show when and why Gonzalez and Cruz "changed their stories" about the police investigation underlying this case. *See* Ex. B at 2–3. But the requested documents could not possibly shed any light on that question; there is no plausible argument that the IDOC's administrative records would document Gonzalez's or Cruz's internal motivations and decision-making on this specific issue. And to the extent that

2

the defendants seek to draw inferences from these prison records to answer that question, those inferences would be wildly speculative at best.

The defendants, perhaps recognizing that their initial justification for the subpoena lacked merit, belatedly suggested a second theory of relevance in an email following the December 6 conference. They argue that because the plaintiff alleges that he, Cruz, and Gonzalez were involved with the same gang before being convicted of the crime following an abusive police investigation, "IDOC records will clearly provide information about these allegations" concerning events before and during the criminal investigation. Ex. B at 1. In fact, this proposition is anything but clear. It defies common sense to suggest that prison records would be relevant to those allegations, and the defendants have not even attempted to explain how prison records could shed light on events that preceded Cruz and Gonzalez's incarceration. To the extent that the defendants wish uncover evidence about events that predate the conviction, a subpoena for prison records is simply not a reasonable or appropriate vehicle to do so.

Even if the defendants could somehow show that the requested documents were relevant to an issue in this case, the subpoena would still be unduly burdensome because it constitutes a substantial unjustified invasion of Gonzalez's privacy interests. For example, in *Simon v. Northwestern University*, No. 1:15-CV-1433, 2017 WL 66818 (N.D. Ill. Jan. 6, 2017), the court explained that the defendant's broad discovery request for the

3

plaintiff's phone calls over a lengthy time period invaded the plaintiff's privacy interests. *Id.* at \*4. On that basis, the court held that the subpoena could not be enforced except for a limited subset of non-privileged phone calls with counsel whose relevance the plaintiff did not dispute. *Id.* at \*6.

The breadth of subpoena in this case vastly exceeds the subpoena that the court refused to enforce in *Simon*. In addition to seeking information about Gonzalez's phone calls and visitation requests, the defendants have requested documentation about virtually every aspect of Gonzalez's life since entering IDOC custody: work history, educational efforts, administrative grievances, housing assignments, disciplinary history, and much more. Even after Gonzalez's counsel expressed its objection to the intrusive nature of the subpoena, the defendants did nothing to appropriately tailor or limit their sweeping request. The subpoena is thus not only unduly burdensome under *Simon* but violates the instruction of Rule 45 that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

Finally, as the court in *Simon* observed, the defendants' attempts to justify their overly broad subpoena with conclusory allegations about the relevance of the requested materials is unavailing. *Simon*, 2017 WL 66818, at \*4 (explaining that this circular reasoning leaves "the court without a non-conjectural factual basis that the [subpoenaed materials] in fact contain

4

5

relevant information"). Here, as in *Simon*, the defendants are "throwing darts in the dark" without regard for relevance or privacy. *Id*. The Court should quash the subpoena and decline to reward this improper third-party discovery strategy.

    WHEREFORE, Alfredo Gonzalez respectfully requests an order quashing the subpoena attached as Exhibit A and any other relief it deems just and appropriate.

Respectfully submitted,

Dated: December 20, 2019        /s/ John Hazinski
                                         *Attorney for Alfredo Gonzalez*

## **CERTIFICATE OF SERVICE**

I, John Hazinski, an attorney, certify that on December 20, 2019, I served the foregoing Non-Party Alfredo Gonzalez's Motion to Quash Subpoena on all counsel of record through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ John Hazinski
*Attorney for Alfredo Gonzalez*