# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN MAYSONET, JR. | ) | |
| | ) | Case No. 18-cv-02342 |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Honorable Mary M. Rowland |
| | ) | |
| | ) | |
| REYNALDO GUEVARA, ERNEST | ) | |
| HALVORSEN, EDWARD MINGEY | ) | JURY DEMAND |
| LEE EPPLEN, FERNANDO MONTILLA, | ) | |
| ROLAND PAULNITSKY, FRANK | ) | |
| DIFRANCO, CITY OF CHICAGO, and | ) | |
| COOK COUNTY | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION TO STRIKE THE DEFENDANT CITY'S MOTION
## FOR A PROTECTIVE ORDER

**NOW COMES,** the Plaintiff, JOSE JUAN MAYSONET, JR., by and through his counsel the Bonjean Law Group, PLLC, and moves to strike the City Defendant's motion for a protective order in connection with the above-captioned case where the City made no effort to meet and confer on this issue, the issue has been fully litigated, and no supporting affidavits are attached to the motion which has little applicability to this case in any event.

1. At the outset, the City did not discharge its meet and confer obligations prior to filing this motion. Frankly, Plaintiff is confused by this latest filing where the City did not raise these complaints in the parties' latest status report filed on August 30, 2021 but rather, indicated that it would be able to produce the ordered homicide files in 3 to 4 months. Indeed, undersigned counsel reached out to the City to discuss production of *Monell* discovery as recently as September 8, 2021, only to have her email ignored.

1

2.      Second, the City's motion has little applicability to this case. The City's first argument relates largely to the burden of requiring the CCSAO and CCPDO to produce corresponding homicide files to the City's production. But Plaintiff *in this case* has not subpoenaed any files from the CCSAO and CCPDO, and even stated in the last status report that he is attempting *not* to burden those entities by seeking all corresponding homicide files. Plaintiff wrote:

> Plaintiff has not yet decided whether or not he will seek all corresponding homicide files from the CCSAO and/or the Cook County Public Defender's Office. With the existence of an expert, Plaintiff is exploring whether it is possible to identify a statistically sound representative group of homicide files from the City's production and seek only the corresponding files from that representative group. [Doc. No.195]

3.      Thus, even if the City had standing to file a protective order on behalf of two other county entities, the motion is grossly premature and devoid of supporting affidavits. Of course, the City could help itself and the CCSAO and CCPDO by working with Plaintiffs' counsels to agree on what would constitute a representative group of homicide files, but the City has repeatedly failed to make that concession.

4.      As reflected in the City's most recent status report, the City must produce 350-375 homicide files to comply with this Court's prior order. The City stated that it anticipates accomplishing that within 3 to 4 months.

5.      The City has offered no affidavit explaining why it is *unduly* burdened by this obligation other than to point to other cases where it apparently must make substantial production of homicide files. The City's attempt to show an undue burden in this case by pointing to its burden in other unrelated cases is inappropriate. These cases are not joined for discovery purposes or for any other purpose.

6. Additionally, the City's criticism of Plaintiff's *Monell* theories has already been litigated in both a Motion to Bifurcate *Monell* discovery and in its response to Plaintiff's Motion to Compel the homicide files. The City offers no new arguments that would justify reconsideration of this Court's prior rulings and continues to hold a very narrow, even misplaced, view of how Plaintiff may prove this *Monell* theories.

7. It is not Plaintiff's fault that the City faces the burden of producing homicide files for an expansive time period, because the Defendant officers engaged in unchecked misconduct for decades. This is precisely *why* the City is in the position of defending a *Monell* claim.

8. At bottom, the City simply hasn't provided any of the necessary support to justify this request, particularly where Plaintiff has already agreed without prompting to attempt to minimize any burden to the CCSAO and the CCPDO.

Sincerely,

/s/JENNIFER BONJEAN

Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, NY 10021
718-875-1850