IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN MAYSONET, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 2342 |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA; JOANN | ) | Magistrate Judge |
| HALVORSEN; EDWARD MINGEY; | ) | Maria Valdez |
| LEE EPPLEN; FERNANDO | ) | |
| MONTILLA; ROLAND PAULNITSKY; | ) | |
| FRANK DIFRANCO; CITY OF | ) | |
| CHICAGO; and COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider This Court's Advisory Decision About the Relevance of Corresponding CCSAO and CCPDO Files to Plaintiff's *Monell* Theories Which is Contrary to the District Court's Order [Doc. No. 219]. For the reasons that follow, the motion is denied.

## BACKGROUND

On November 29, 2021, this Court granted in part and denied in part a motion for protective order brought by Defendant City of Chicago. The order was granted with respect to homicide files other than those already ordered to be produced by the District Judge on June 30, 2021, and it was denied to the extent it sought to restrict or bifurcate *Monell* discovery or production of the original group of homicide files. Although the Court agreed with Defendant that documents from

third parties, such as the Cook County State's Attorney's Office ("CCSAO") and the Cook County Public Defender's Office ("CCPDO"), were not relevant to Plaintiff's claims, Defendant's motion to limit that third-party discovery was denied as premature because Plaintiff had not issued subpoenas to those entities.

Plaintiff then filed the present motion to reconsider, which contends that the Court should reconsider the "advisory" portion of the order regarding the relevance of the CCSAO and CCPDO documents because it is in conflict with a prior order by the District Judge.[1] According to Plaintiff, the Court's discussion regarding relevance is inconsistent with the District Judge's June 30 order, which stated that after production of certain homicide files, "Plaintiff is permitted to conduct follow-up discovery," (Pl.'s Mot., Ex. B), and Plaintiff had raised the possibility of exploring corresponding CCSAO/CCPDO files in its moving papers.

Plaintiff now contends that he does not expect to subpoena all corresponding third-party files, but he may seek to obtain a representative sample after discussing the matter with his expert. Plaintiff asserts that the relevance of the materials "is to demonstrate that the City had a custom or practice of concealing exculpatory material in its own homicide files (or by not memorializing such information at all) and then failing to produce that material to the criminal justice system." (Pl.'s Mot. at 2.) He believes that he can prove this contention by showing a pattern of material appearing in the police homicide files but not in the corresponding CCSAO/CCPDO files.

---

[1] Plaintiff agrees with the Court's denial of Defendant's efforts to bifurcate *Monell* and limit its production of homicide files.

## DISCUSSION

Plaintiff's motion does not specify the legal basis for reconsideration, but pursuant to Federal Rule of Civil Procedure 54, a court may revise interlocutory orders prior to the entry of judgment. *See* Fed. R. Civ. P. 54(b); *Vill. of Schaumburg v. St. Paul Mercury Ins. Co.*, No. 07 C 6654, 2009 WL 1409699, at *1 (N.D. Ill. May 20, 2009) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("[N]umerous courts have held that a motion to reconsider an interlocutory order is permissible pursuant to Rule 54(b) and the court's inherent authority."); *see also LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 5579006, at *1 (N.D. Ill. Nov. 23, 2009) ("[U]nder Rule 54(b), a court may correct clear errors of fact or law in an interlocutory order.").

While a motion to reconsider an interlocutory order need not meet all the requirements of a motion brought pursuant to Rule 59 or 60, there is "a strong presumption that a court ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination." *Tyrer v. City of S. Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (internal quotations and citations omitted); *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto*, 224 F.3d at 606; *see Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). ("[T]his Court's opinions are not intended as mere first drafts, subject to revision

3

and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.").

All of Plaintiff's arguments were or could have been presented in the underlying motion, and he offers no binding authority establishing that the Court's decision represented a manifest error of law. The issue of the relevance of the third-party materials was squarely presented in Defendant's motion, but Plaintiff's response brief did not include any of the relevance arguments he presents here. Moreover, the order was not inconsistent with the District Judge's order of June 30 allowing follow-up discovery. It merely noted that, according to Plaintiff's own allegations, there should be no relevant material in the prosecutorial files. Plaintiff remains free to review the homicide files, and if he does discover evidence showing that the CCSAO or CCPDO possesses information directly relevant to his particular *Brady* allegations, he may follow up with them. He will not, however, be given free rein to rifle through third-party files in the hopes of finding evidence supporting a pattern of *Brady* violations other than the one he alleges in his complaint.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider This Court's Advisory Decision About the Relevance of Corresponding CCSAO and CCPDO Files to Plaintiff's *Monell* Theories Which is Contrary to the District Court's Order [Doc. No. 219] is denied.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **January 12. 2022**                        **HON. MARIA VALDEZ**
                                                                       **United States Magistrate Judge**