IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN MAYSONET, JR. ) | |
| ) | Case No. 18 CV 02342 |
| Plaintiff, ) | |
| ) | Hon. Mary M. Rowland |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| REYNALDO GUEVARA, ERNEST ) | |
| HALVORSEN, EDWARD MINGEY, ) | |
| EPPLEN, FERNANDO MONTILLA, ROLAND ) | JURY DEMAND |
| PAULNITSKY, FRANK DIFRANCO, CITY OF ) | |
| CHICAGO, and COOK COUNTY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO REOPEN DISCOVERY FOR A LIMITED
PURPOSE AND STRIKE THE CURRENT SUMMARY JUDGMENT DEADLINES**

NOW COMES Defendants Edward Mingey, Lee Epplen, Fernando Montilla, Roland Paulnitsky, Joann Halverson as special representative to Ernest Halverson, Reynaldo Guevara, the City of Chicago, and Frank DiFranco ("Defendants"), by and through their undersigned attorneys, and move this Honorable Court to reopen discovery for the limited purpose of deposing Eduardo "Yuma" Ramirez and to conduct any necessary discovery resulting therefrom, and to strike the current summary judgment deadlines. In support, Defendants state:

1. This Court has broad discretion to reopen discovery "as part of its power to control its docket and promote fair outcomes in a case." *Vinning-el v. Evans*, 2012 WL 13186040, *2 (S.D. Ill. June 19, 2012) (citing *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913, F.2d 1213, 1222 (7th Cir. 1990); *Patton v. MFS/Sun Life Fin. Distrib., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007)). The recent discovery of the identity of Eduardo "Yuma" Ramirez establishes good cause to reopen discovery for the limited purpose of deposing Ramirez (scheduled to take

place on June 20, 2024), and to conduct any necessary follow-up discovery resulting therefrom. *See* Fed. R. Civ. P. 16 (b)(4). Plaintiff concedes as much in his motion based on the importance of Ramirez's testimony to his claims. (Dkt. 327 at 8-10.) This Court further acknowledged that the contents of Ramirez's declaration are "highly relevant to this case," and could necessitate reopening discovery. (Dkt. 328.) And while both Plaintiff's and Defendants' counsels will be at and participating in Ramirez's deposition, it is Defendants' position that to "promote a fair outcome" in the case, Defendants should be afforded a fair opportunity to investigate and defend against any claims made by Ramirez in his deposition as set forth below.

2.  Plaintiff's entire case revolves around his arrest, prosecution, and conviction for the May 25, 1990, murders of Torrence and Kevin Wiley for which he claims he was wrongfully convicted. (Dkt. 136.) In support of his allegations, Plaintiff claims that he was involved in illegal business transactions with Defendant Detective Reynaldo Guevara. That is – Plaintiff claims he paid Defendant Reynaldo Guevara "protection money," so that he could sell narcotics without fear of interference from police. (Dkt. 327 at 3.) According to Plaintiff, it was only when he stopped paying Guevara this "protection money," that Guevara decided to frame him for the murders of Kevin and Torrence Wiley. (Dkt. 327 at 3.) And a man named "Juma" was an alleged witness to Plaintiff's associations with Guevara. (Dkt. 327 at 3-4.)

3.  Plaintiff at a minimum, has known about "Juma" and the importance of this witness to his claims since he first filed his complaint in April of 2018. (Dkt. 1 at ¶¶ 28-30.) While Plaintiff testified at his deposition in this matter about his dealings with "Juma" as Plaintiff pontificates in his motion, neither Plaintiff, and surely not Defendants, knew "Juma's" real name, anything about his true identity, his location, or the fact that his nickname was in fact

2

"Yuma."[1] And for the entire pendency of this case–5 years–this information was never ascertained, nor disclosed to Defendants.

4. Despite this overwhelming lack of information, Plaintiff's co-defendant, Alfredo Gonzalez's counsel for the first time on April 29, 2024, a month before fact discovery was set to close in the *Gonzalez* matter, disclosed an individual identified as Eduardo Ramirez, aka "Yuma," ("Ramirez"), and produced a declaration in the *Gonzalez* matter obtained by Gonzalez's counsel in which Ramirez purports to be the individual Plaintiff knew as "Juma" with knowledge of Plaintiff's association with Guevara. (*See* April 29, 2024, Disclosure and Notice of Deposition, Ex. 1.) That same day, Gonzalez's counsel noticed Ramirez's deposition for a deposition on May 30, 2024, to proceed via zoom. (*See id.*)

5. Two weeks later, on May15, 2024, approximately two years after fact discovery had closed in this case, Plaintiff amended his document disclosures to include the declaration of Ramirez obtained by Gonzalez's counsel. (*See* May 15, 2024, Disclosure, Ex. 2.) [2]

6. Five days later on May 20, 2024, Gonzalez re-noticed Ramirez's deposition for an in-person deposition to proceed in Naples, Florida on May 30, 2024. (*See* Amended Notice of Deposition, Ex. 3.)

7. However, defense counsel was unable to make the May 30, 2024, date work. As a result, the parties in the *Gonzalez* matter subsequently agreed to June 20, 2024, for Ramirez's

---

[1] While the nicknames may be similar and/or pronounced similarly, Defendants were not on notice that the individual Plaintiff testified about in his deposition went by the specific nickname "Yuma."

[2] Plaintiff notes in passing that Defendants failed to produce Ramirez's declaration. However, Plaintiff and Gonzalez's counsel have been exchanging documents throughout litigation, including those covered by the *Maysonet* protective order. Regardless, Plaintiff had possession of and produced to Defendants Ramirez's declaration shortly after it was first produced to Defendants by Gonzalez's counsel and before Defendants were even able to investigate anything about Ramirez's identity or the content in his declaration.

3

deposition to proceed in-person in Naples, Florida. (*See* Second Amended Notice of Deposition, Ex. 4.)

8. Counsel for Plaintiff, Jennifer Bonjean subsequently reached out to defense counsel in this case regarding Plaintiff's intention to participate in Ramirez's deposition. The City Defendants noted that they would not agree to conduct additional fact discovery outside the close of fact discovery due to the late posture of the case and the fact that the parties were briefing summary judgment. (*See* May 21 and 22, 2024, Correspondence, Ex. 5.) The City Defendants noted they "believe a motion is necessary for fact discovery to be reopened," and that a "pause on the current [summary judgment] briefing would also be necessary," for Ramirez's deposition to proceed in this case. (*Id.*) Specifically, City Defendants attempted to explain to Plaintiff that the late discovery was prejudicial to Defendants if Defendants were not permitted a fair opportunity to investigate and defend against any of the claims made by Ramirez in his deposition. (*Id.*)[3]

9. Further, while Plaintiff testified about "Juma" in his deposition, that testimony in no way put Defendants on notice as to what "*Juma's*" testimony would be. Nor does Ramirez's declaration put Defendants on notice of what his deposition testimony will be. In fact, on numerous occasions in similar reverse conviction cases, witnesses have purportedly signed declarations and backed off statements contained within those declarations in whole or in part. Indeed, that very circumstance happened in the *Gonzalez* matter with Rosa Bello.

---

[3] Defendants also pointed out that Plaintiff objected to consolidating the *Gonzalez* matter with this case (Dkt. 270) but seeks now to consolidate the matters for the purposes of Ramirez's deposition.

10. Regardless, Plaintiff certainly did not satisfy his disclosure requirements under Fed. R. Civ. P. 26 (a)(1)(A)(i) during the pendency of fact discovery.[4] (*See* Dkt. 327 at 2.) Fed. R. Civ. P. 26 requires that Plaintiff provide the *name* and *address and telephone number* of "Juma." Fed. R. Civ. P. 26 (a)(1)(A)(i) (emphasis added). At no time prior to April 29, 2024, was any of this information disclosed to Defendants. In fact, Defendants were not even on notice that the correct nickname for Ramirez was actually "Yuma." Thus, there was no way for Defendants to have been able to find and subpoena Ramirez to obtain his testimony and investigate and defend against any claims made by this witness. The failure to disclose these details under Fed. R. Civ. P. 26 has been a basis to bar witnesses in their entirety at trial. *See e.g. Kirchoff v. Chem Processing, Inc.*, 2023 WL 4940963, * 4-5 (N.D. Ill. July 31, 2023) (barring plaintiff's wife as damages witness where she was not disclosed until after the close of fact discovery.)

11. However, Defendants do not seek to bar Mr. Ramirez at this juncture or oppose Plaintiff's counsel's participation in Ramirez's deposition. As City Defendants have made clear since Plaintiff first requested to participate in Ramirez's deposition, in light of the relevance of this witness to Plaintiff's underlying case (*see* Dkt. 137 at 3-4; Dkt. 138), and his late disclosure, in order to avoid any prejudice to Defendants, Defendants should be permitted a fair opportunity to investigate and defend against any of the claims made by Ramirez in his deposition. *See Pittsfield Dev., LLC v. City of Chi.*, 2021 WL 8314423, * 7 (N.D. Ill. Nov. 15, 2021) (plaintiff's late disclosure of damages inflicted undue prejudice and surprise on City where the City did not have a fair opportunity to investigate and attempt to counter plaintiff's damages figures.); *see also Peters v. Butler*, 2021 WL 979272, *11 (S.D. Ill. Mar. 16, 2021) (where court reopened discovery for the limited purpose of deposing late-disclosed witnesses). Based on these facts,

---

[4] Defendants are not required to take Plaintiff's word as to what Ramirez's testimony would be. That is the entire point of taking depositions of alleged third-party witnesses.

5

Defendants contend good cause exists and respectfully request that this Honorable Court re-open discovery for the limited purpose of deposing Ramirez and to allow Defendants the fair opportunity to conduct any necessary follow-up discovery. As this Court noted, "it is highly unusual for this Court to rule without hearing from defendants" (Dkt. 328) and had the timing permitted, Defendants would have provided their position as set forth herein.

12. As Ramirez is a fact witness, Ramirez's testimony, and any potential follow-up discovery, will affect the Defendants' summary judgment briefings. As a result, the Defendants additionally request this Honorable Court allow them a reasonable opportunity to brief and/or revise any summary judgment arguments based on this discovery by striking and re-setting the deadlines for a reasonable time after the parties complete the limited discovery noted herein.

13. Ramirez's deposition is currently set for June 20, 2024, in Florida, just six business days before Defendants' summary judgment motions are due under the current schedule. If this Court is not inclined to reopen discovery as argued above, Defendants respectfully request at a minimum, that this Court strike and re-set the summary judgment deadlines so that Defendants can incorporate and make any necessary changes to their briefings based on Ramirez's testimony.

14. Defendants propose that the parties file a joint status report after Ramirez's deposition to apprise the Court of what, if any, necessary follow-up discovery is necessitated based on Ramirez's testimony and set a new summary judgment briefing schedule.

15. This motion is not brought for any improper purpose. In fact, Defendants informed Plaintiff that if he sought to participate in the deposition, Defendants would seek this relief and Plaintiff notably conceded in his motion that there is good cause to reopen discovery based on the circumstances presented here. (Dkt. 327 at 8) ("if this request requires it, the

6

reopening of discovery is permitted under Fed. R. Civ. P. 16(b)(4)".) Rather, this motion is brought to avoid prejudice to Defendants, and allow Defendants the fair opportunity to investigate and defend against any claims made by Ramirez.

    WHEREFORE, for the reasons stated herein, Defendants respectfully request this Honorable Court to reopen discovery for the limited purpose of deposing Eduardo "Yuma" Ramirez and to conduct any necessary discovery resulting therefrom, and to strike the current summary judgment deadline.

Dated: June 10, 2024

/s/Allison L. Romelfanger
Allison Romelfanger, Atty. No. 6310033
*Special Assistant Corporation Counsel for Defendants Mingey, Epplen, Montilla, Paulnitsky, & Halvorsen*

James G. Sotos
David A. Brueggen
Josh M. Engquist
Kyle T. Christie
Elizabeth R. Fleming
Allison Romelfanger
THE SOTOS LAW FIRM, P.C.
141 Jackson Blvd., #1240A
(630) 735-3300
aromelfanger@jsotoslaw.com

/s/Thomas Leinenweber
THOMAS LEINENWEBER, Atty. No. 6208096
*Special Assistant Corporation Counsel for Defendant Guevara*

James V. Daffada
Thomas M. Leinenweber
Michael John Schalka
Gabrielle Sansonetti
Leinenweber Daffada & Sansonetti, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com

Respectfully submitted,

/s/Eileen E. Rosen
EILEEN E. ROSEN, Atty. No. 6217428
*Special Assistant Corporation Counsel for Defendant City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Patrick Moran
Stacy Benjamin
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

/s/Michael Stephenson
MICHAEL STEPHENSON, Atty. No. 6317853
*One of the Attorneys for Defendant DiFranco*

Michael Stephenson
James Lydon
Robert Shannon
Michael F. Iasparro
Stephen Mehr
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
mstephenson@hinshawlaw.com

## CERTIFICATE OF SERVICE

  I, Allison Romelfanger, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on **Monday, June 10, 2024,** I electronically filed the foregoing **Defendants' Joint Motion to Reopen Discovery for a Limited Purpose and Strike the Current Summary Judgment Deadlines** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

*Attorneys for Plaintiff:*

Jennifer A. Bonjean
Ashley B. Cohen
750 Lexington Avenue, 9th FL
New York, NY 10022
(718) 875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com

Steven A. Greenberg
Greenberg Trial Lawyers
53 W. Jackson, Suite 315
Chicago, IL 60604
(312)879-9500
steve@greenergcd.com

*Attorneys for Defendant DiFranco:*

Michael Stephenson
James Lydon
Robert Shannon
Michael F. Iasparro
Stephen Mehr
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, Illinois 60606
(312) 704-3000
mstephenson@hinshawlaw.com
jlydon@hinshawlaw.com
rshannon@hinshawlaw.com
vrizzo@hinshawlaw.com
miasparro@hinshawlaw.com
smehr@hinshawlaw.com

*Attorneys for Defendant Guevara:*

James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Michael John Schalka
Gabrielle Sansonetti
Leinenweber Daffada & Sansonetti, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
mjs@ilesq.com

*Attorneys for City of Chicago:*

Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Patrick Moran
Stacy Benjamin
Lauren Ferrise
Rock Fusco & Connelly, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com
pmoran@rfclaw.com
sbenjamin@rfclaw.com
lferrise@rfclaw.com

***Attorneys for Cook County:***
Kenneth S. Ulrich
W. Kyle Walther
Goldberg Kohn, Ltd.
550 E. Monroe, Suite 3300
Chicago, IL 60603
Kenneth.ulrich@goldbergkohn.com
Kyle.walther@goldbergkohn.com

/s/Allison L. Romelfanger
Allison Romelfanger, Atty. No. 6310033
*Special Assistant Corporation Counsel for Defendants Mingey, Epplen, Montilla, Paulnitsky, & Halvorsen*