Exhibit 2

IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN MAYSONET, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-CV-2342 |
| | ) | |
| v. | ) | Honorable Mary M. Rowland |
| | ) | |
| REYNALDO GUEVARA, ET. AL. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOSE JUAN MAYSONET, JR.'S RESPONSES TO DEFENDANT CITY OF CHICAGO'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Jose Juan Maysonet, Jr., by and through his attorneys, Bonjean Law Group, responds as follows to Defendant City of Chicago's First Set of Interrogatories to Plaintiff:

**INTERROGATORIES**

1. Identify each and every theory of liability Plaintiff intends to pursue against Defendant City of Chicago pursuant to *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978). A full and complete answer to this interrogatory includes every *Monell* claim Plaintiff will present to a jury at trial in this case.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it seeks the thoughts, strategy, and mental impressions of counsel, and therefore invades the attorney work product privilege. Plaintiff further objects on the grounds that his complaint, expert reports and the testimony of his experts clearly identify his *Monell* theories.

Subject to and without waiving these objections, the specific *Monell* theories Plaintiff intends to prove at trial are: (1) CPD engaged a policy, custom and/or practice of suppressing exculpatory and/or impeaching material through various methods, including by purposefully not

recording or documenting impeaching or exculpatory evidence and/or destroying exculpatory evidence, (2) the failure to train detectives on how to document, maintain, and preserve impeaching and exculpatory material and conduct investigations free from tunnel vision, (3) CPD operated a dysfunctional and sham disciplinary system, (4) CPD failure to supervise and discipline Chicago Police Officers, like Defendant Guevara and Paulnitsky who engage in investigative misconduct of all types.

2. For each theory of liability pursuant to *Monell* identified in answer to Interrogatory Number 1, please state the factual basis and evidence upon which Plaintiff will rely to establish how such theory amounts to a "policy" pursuant to *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it seeks the thoughts, strategy, and mental impressions that would invade the attorney work product privilege. Plaintiff has no obligation to pre-try his case with all facts and evidence he intends to introduce at trial to prove his *Monell* claims. Defendants request for Plaintiff to identify the factual basis and evidence is unreasonable, oppressive, and unduly burdensome. Plaintiff further objects to Defendants use of the term "policy" as vague and ambiguous since they failed to define "policy". Plaintiff further objects on the grounds that this interrogatory is overly broad and unduly burdensome as he intends to rely on the entire body of evidence produced in this case to prove his theories of liability and any failure to identify any piece of evidence shall not be construed as a waiver of any kind to his ability to present specific facts and/or evidence to a jury in the event his claims are ultimately presented to a jury.

Subject to and without waiving these objections, Plaintiff refers the City to Plaintiff's Fed. R. Civ. Pro. 26(a) expert disclosures of Tom Tiderington and materials on which

Tiderington relied in rendering his opinion in connection with *Monell* theories 1 and 2 identified in response to Interrogatory 1. Plaintiff also refers the City to Dr. Jon Shane's expert disclosure and all materials relied upon in rendering his opinion in connection *Monell* theories 3 and 4 identified in response to Interrogatory 1. Plaintiff refers Defendant City to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts.

    3.    For each alleged policy identified in answer to Interrogatory Number 2, identify all evidence known to Plaintiff that establishes why each alleged policy is unconstitutional.

    **ANSWER**: Plaintiff incorporates his objections and responses to interrogatory numbers 1 and 2 in their entirety herein.

    4.    For each policy identified in answer to Interrogatory Number 2, identify all evidence known to Plaintiff that establishes that Defendant City of Chicago had notice that the alleged policy was in effect, including all evidence that establishes that the City had notice that the alleged policy caused or would cause the violation of any individual's constitutional rights before or during the time of investigation of the murder of the Wiley brothers.

    **ANSWER**: Plaintiff incorporates his objections and responses to interrogatory number 1 and 2 in their entirety herein.

    5.    For each alleged policy identified in answer to Interrogatory Number 2, identify all evidence known to Plaintiff that establishes that Defendant City of Chicago was deliberately indifferent to violations of constitutional rights caused by the alleged policy.

    **ANSWER**: Plaintiff incorporates his objections and responses to interrogatory number 1 and 2 in their entirety herein.

6. Please state with specificity all evidence known to Plaintiff that establishes how the alleged policy identified in Interrogatory Number 2 was the "moving force" behind the alleged violation of Plaintiff's constitutional rights. For this interrogatory, "moving force" shall have the same meaning as provided in *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

**ANSWER:** Plaintiff objects on the grounds that this interrogatory is vague and ambiguous, in that Defendant fails to define the terms "policy" and "moving force,". Plaintiff objects on the grounds that this interrogatory calls for a legal conclusion. Plaintiff objects that this interrogatory seeks the strategy, thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege Plaintiff further objects on the grounds this interrogatory is unreasonable, oppressive and unduly burdensome.

7. For each alleged policy identified in answer to Interrogatory Number 2, identify each instance during the investigation into the murder of the Wiley brothers that Chicago Police Detectives deviated from those policies. For each alleged deviation, please specify how this purported deviation from policy gave rise to Plaintiff's alleged constitutional violations.

**ANSWER**: Plaintiff incorporates his objections and responses to interrogatory numbers 1 and 2 in their entirety herein.

8. Is it your contention that deficiencies in the Chicago Police Department's disciplinary system were the moving force behind Plaintiff's alleged constitutional violations? If yes, identify (a) the alleged misconduct that occurred; (b) the City's response to the allegation that was deficient, (c) what discipline Plaintiff alleges the City should have imposed and (d) what notice the City had of the alleged misconduct. To the extent that Plaintiff has produced documents regarding these incidents, please identify them by bates number.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is vague and

ambiguous, in that Defendant fails to define the terms "moving force,". Plaintiff objects on the grounds that this interrogatory calls for a legal conclusion. Plaintiff objects that this interrogatory seeks the strategy, thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege Plaintiff objects on the grounds this interrogatory is unreasonable, oppressive and unduly burdensome. Plaintiff further objects on the grounds that this request is compound and includes multiple subparts.

9. When, if at all, do you contend that the City of Chicago was on notice of purported deficiencies in its disciplinary system which gave which gave rise to Plaintiff's alleged constitutional violations. If your answer is in the affirmative, please identify the date of each occurrence and those within the City of Chicago or Chicago Police Department who were made aware of the incident. To the extent that Plaintiff has produced documents regarding these incidents, please identify them by bates number.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is vague and ambiguous, in that Defendant fails to define the terms "notice". Plaintiff objects on the grounds that this interrogatory calls for a legal conclusion. Plaintiff objects that this interrogatory seeks the strategy, thoughts and mental impressions of counsel, and therefore invades the attorney work product privilege Plaintiff objects on the grounds this interrogatory is unreasonable, oppressive and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff refers the City to Plaintiff's Fed. R. Civ. Pro. 26(a) expert disclosures of Tom Tiderington and materials on which Tiderington relied in rendering his opinion. Plaintiff also refers the City to Dr. Jon Shane's expert disclosure and all materials relied upon in rendering his opinion in connection with *Monell* theories 3 and 4 identified in response to Interrogatory 1. Plaintiff refers Defendant City

to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts. Plaintiff further refers the Defendants to the publicly available records documenting the CPD's decades-long history of rampant misconduct and the entire body of evidence produced in this case.

10. Identify each investigative step that Plaintiff contends occurred during the criminal investigation into the murder of the Wiley brothers that was not documented. For each investigative step identified, please (a) identify the factual basis and evidence Plaintiff will rely upon to establish that such an investigative step occurred and was not documented; (b) state the basis for Plaintiff's belief that it should have been documented (c) identify the evidence that supports Plaintiff's belief that the information should have been documented, and (d) identify the constitutional deprivation(s) resulting from the alleged failure to document.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it seeks the thoughts, strategy, and mental impressions that would invade the attorney work product privilege. Plaintiff has no obligation to pre-try his case with all facts and evidence he intends to introduce at trial to prove his *Monell* claims. Defendants request for Plaintiff to identify the factual basis and evidence Plaintiff will rely on to prove his *Monell* claims is unreasonable, oppressive, and unduly burdensome. Plaintiff further objects on the grounds that this interrogatory is overly broad and unduly burdensome as he intends to rely on the entire body of evidence produced in this case to prove his theories of liability and any failure to identify any piece of evidence shall not be construed as a waiver of any kind to his ability to present specific facts and/or evidence to a jury in the event his claims are ultimately presented to a jury. Plaintiff further objects on the grounds that this interrogatory is compound and contains multiple subparts.

Subject to and without waiving these objections, yes. Plaintiff refers the City to Plaintiff's Fed. R. Civ. Pro. 26(a) expert disclosures of Tom Tiderington and materials on which Tiderington relied in rendering his opinion in connection with *Monell* theories 1 and 2 identified in response to Interrogatory 1. Plaintiff refers Defendant City to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts.

11. Is it your contention that a criminal defense attorney for Plaintiff issued a subpoena to the Chicago Police Department and that the Chicago Police Department failed to comply with that subpoena? If so, please identify (a) the date the subpoena was issued and (b) the evidence Plaintiff has to support his belief that the Chicago Police Department did not comply with the subpoena.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

12. State with specificity the factual basis and evidence that establishes that Plaintiff's constitutional rights would not have been violated if any of the alleged policies identified in answer to Interrogatory Number 2 had not been in place.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory includes an erroneous legal premise and is irrelevant. Plaintiff objects to this interrogatory on the grounds that it seeks the thoughts, strategy, and mental impressions that would invade the attorney work product privilege. Plaintiff has no obligation to pre-try his case with all facts and evidence he intends to introduce at trial to prove his *Monell* claims. Defendants request for Plaintiff to identify the factual basis and evidence is unreasonable, oppressive, and unduly burdensome. Plaintiff further objects on the grounds that this interrogatory is overly broad and unduly burdensome as he

intends to rely on the entire body of evidence produced in this case to prove his theories of liability and any failure to identify any piece of evidence shall not be construed as a waiver of any kind to his ability to present specific facts and/or evidence to a jury in the event his claims are ultimately presented to a jury.

Subject to and without waiving the foregoing objection, as pled in Plaintiff's complaint and opined by Plaintiff's experts in their report, CPD policies identified by Plaintiff's expert were the moving force behind some but not all of the constitutional violations. Plaintiff refers the City to Plaintiff's Fed. R. Civ. Pro. 26(a) expert disclosures of Tom Tiderington and materials on which Tiderington relied in rendering his opinion in connection with *Monell* theories 1 and 2 identified in response to Interrogatory 1. Plaintiff also refers the City to Dr. Jon Shane's expert disclosure and all materials relied upon in rendering his opinion in connection *Monell* theories 3 and 4 identified in response to Interrogatory 1. Plaintiff refers Defendant City to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts.

13. Is it your contention that there are documents contained in the Chicago Police Department Investigative Files produced in this case (including any files designated for use in this case from other cases such as *Fields* and *Rivera*) (herein referred to as the "Chicago Police Department Investigative File(s)" or "City's *Monell* production") that contain documents and/or information that was not produced to the criminal defendant(s) and/or criminal defense attorney(s) during the resulting criminal prosecution? If the answer is yes, please identify each and every Chicago Police Department Investigative File by RD Number and the accompanying evidence by bates number and the name of the criminal defendant.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it seeks the

thoughts, strategy, and mental impressions that would invade the attorney work product privilege. Plaintiff further objects on the grounds that this interrogatory is overly broad and unduly burdensome as he intends to rely on the entire body of evidence produced in this case to prove his theories of liability and any failure to identify any piece of evidence shall not be construed as a waiver of any kind to his ability to present specific facts and/or evidence to a jury in the event his claims are ultimately presented to a jury. Plaintiff further objects on the grounds that this interrogatory is compound and contains multiple subparts.

Subject to and without waiving these objections, yes. Plaintiff refers the City to Plaintiff's Fed. R. Civ. Pro. 26(a) expert disclosures of Tom Tiderington and materials on which Tiderington relied in rendering his opinion in connection with *Monell* theories 1 and 2 identified in response to Interrogatory 1. Plaintiff refers Defendant City to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts.

14. With respect to the Chicago Police Department Investigative Files identified in response to Request No. 13, please (a) state with particularity each document and/or piece of information that Plaintiff alleges was not provided to the criminal defendant(s) or the criminal defense attorney(s); (b) identify the specific bates number of the purportedly undisclosed document; (c) detail with specificity each piece of information Plaintiff alleges was not provided to the criminal defendant(s) and/or their criminal defense attorney(s); and (d) for each such piece of information and/or documents identified, please state with specificity all witnesses and/or evidence (including documents) that support Plaintiff's contention that said documents and/or information was not provided.

**ANSWER**: Plaintiff incorporates his objection and response set forth in interrogatory no.

13 herein.

15. For each document and/or piece of information or material identified in response to Interrogatory No. 14, state with specificity how the document and/or piece of information was exculpatory, impeachment, or *Brady* material, including an explanation of the facts and evidence that supports Plaintiff's contention that if the document had been produced, it would have changed the outcome of the particular criminal defendant's case.

**ANSWER**: Plaintiff incorporates his objection and response set forth in interrogatory no. 13 herein.

16. Identify each Complaint Register file that Plaintiff contends (a) support any aspect of his *Monell* claim; and (b) identify the specific constitutional violations you contend are demonstrated by each such file, along with the basis for your contention.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it seeks the thoughts, strategy, and mental impressions that would invade the attorney work product privilege. Plaintiff has no obligation to pre-try his case with all facts and evidence he intends to introduce at trial to prove his *Monell* claims. Defendants request for Plaintiff to identify the factual basis and evidence is unreasonable, oppressive, and unduly burdensome. Plaintiff further objects to Defendants use of the term "policy" as vague and ambiguous since they failed to define "policy". Plaintiff further objects on the grounds that this interrogatory is overly broad and unduly burdensome as he intends to rely on the entire body of evidence produced in this case to prove his theories of liability and any failure to identify any piece of evidence shall not be construed as a waiver of any kind to his ability to present specific facts and/or evidence to a jury in the event his claims are ultimately presented to a jury.

Subject to and without waiving these objections, Plaintiff refers the City to Plaintiff's

Fed. R. Civ. Pro. 26(a) expert disclosures of Dr. Jon Shane's and all materials relied upon in rendering his opinion in connection *Monell* theories 3 and 4 identified in response to Interrogatory 1. Plaintiff refers Defendant City to the Rule 30(b)(6) depositions and all CPD written policies referenced in those Rule 30(b)(6) depositions and by Plaintiffs' experts.

17. Is it your contention that the files produced pursuant to the City's *Monell* production contain coerced confessions or witness statements? If so, please identify (a) the specific Investigative File by RD number; (b) the specific confession or statement, by bates number, that was purportedly coerced; and (c) the specific evidence you claim supports the contention.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

18. Is it your contention that the files produced pursuant to the City's *Monell* production contain fabricated police documents? If so, please identify (a) the specific Investigative File by RD number, (b) the specific document, by bates number, that you purport to be fabricated; and (c) the specific evidence you claim supports the contention.

**ANSWER:** Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

19. For each confession or statement identified in response to Interrogatory Number 17, identify the facts and evidence supporting your contention that the City's final policymaker had notice that the confession or statement was coerced.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

20. For each document identified as fabricated in response to Interrogatory Number 18, identify the facts and evidence supporting your contention that the City's final policy maker had notice that the document was fabricated.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

21. Is it your contention that the full and complete criminal defense file(s) exist from Plaintiff's criminal prosecution? If your answer is in the affirmative, please identify (a) the specific bates numbers which represent the file(s) and (b) the specific evidence that you have to support that the file is complete.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

22. Is it your contention that the full and complete criminal defense file(s) from Plaintiff's criminal prosecution has been lost or destroyed? If your answer is in the affirmative, please identify each and every piece of evidence to support that the file(s) no longer exist.

**ANSWER**: Plaintiff objects on the grounds that this interrogatory is irrelevant to Plaintiff's *Monell* claims in this case.

Respectfully submitted,

/s/ ASHLEY COHEN

Bonjean Law Group PLLC
750 Lexington Avenue, 9th Floor
New York, New York 10022
Tel: 718.875.1850
Fax: 914.462.3483
Email: Ashley@bonjeanlaw.com

**Chicago Office:**
Bonjean Law Group, PLLC
53 W. Jackson Blvd., Ste. 315

Chicago, Illinois 60604