# EXHIBIT 57

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JACQUES RIVERA )
)
)
)
PLAINTIFF, )
v. )
) 12 CV 04428
REYNALDO GUEVARA, STEVE GAWRYS, )
DANIEL NOON, JOHN GUZMAN, JOSEPH )
FALLON, JOSEPH SPARKS, PAUL )
ZACHARIAS, GILLIAN MCLAUGHLIN, )
JOHN LEONARD, EDWARD MINGEY, )
RUSSELL WEINGART, and the ESTATE OF ) JURY TRIAL DEMANDED
ROCCO RINALDI, Chicago Police Detectives; )
and the CITY OF CHICAGO )
)
DEFENDANTS )

## CITY OF CHICAGO'S AMENDED RESPONSE TO PLAINTIFF'S SEVENTEENTH SET OF REQUESTS TO PRODUCE DOCUMENTS TO CITY OF CHICAGO

NOW COMES Defendant City of Chicago (the "City"), by and through its undersigned attorneys, and for its Amended Response to Plaintiff's Seventeenth Request for Production, hereby states as follows:

## REQUESTS FOR PRODUCTION

1. Any Chicago Police Department policies, practices, guidelines or other form of instruction regarding the production of investigative materials and other records to criminal defendants, their attorneys, or the Cook County State's Attorney's Office. This request includes but is not limited to the process of obtaining and producing such records in response to subpoenas. This request is limited to the time period from 1985 to 1991.

**RESPONSE:** In light of Plaintiff's counsel's email correspondence dated February 10, 2015, Defendant City amends its response to this request. Specifically, Plaintiff has withdrawn his reference to "Exhibit A" in this request and has made clear that this request seeks written "policies, practices, guidelines, or other form of instruction" to members of the Chicago Police Department, and not to the public. With that clarification, Defendant City objects to this request

as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant City objects to this request because Plaintiff's criminal defense attorney has admitted in sworn testimony in this case that he knew how to obtain documents from the Chicago Police Department and, despite that knowledge, did not issue a subpoena to the Chicago Police Department related to the Valentin homicide. Subject to and without waiving these objections, Defendant City responds that it has no documents responsive to this request.

2. Any Chicago Police Department policies, practices, guidelines or other form of instruction regarding the production of investigative materials and other records to criminal defendants, their attorneys, or the Cook County State's Attorney's Office. This request includes but is not limited to the process of obtaining and producing such records in response to subpoenas. This request is limited to the time period from 1992 to the present. An example of such instruction is attached as Exhibit A.

**ANSWER:** In light of Plaintiff's counsel's email correspondence dated February 10, 2015, Defendant City amends its response to this request. Specifically, Plaintiff has withdrawn his reference to "Exhibit A" in this request and has made clear that this request seeks written "policies, practices, guidelines, or other form of instruction" to members of the Chicago Police Department, and not to the public. With that clarification, Defendant City objects to this request as vague, ambiguous, overbroad (specifically, it requests documents from 1992 to the present, a twenty-three year period of time, and well after Plaintiff's arrest and prosecution), and not reasonably calculated to lead to the discovery of admissible evidence (specifically, it requests documents from a time period well after Plaintiff's arrest and prosecution). Further, Defendant City objects to this request because Plaintiff's criminal defense attorney has admitted in sworn testimony in this case that he knew how to obtain documents from the Chicago Police Department and, despite that knowledge, did not issue a subpoena to the Chicago Police Department related to the Valentin homicide.

3. Any documents relating to training on the policies, practices, guidelines or other form of instruction referenced in request number 1, above.

**ANSWER:** In light of Plaintiff's counsel's email correspondence dated February 10, 2015, Defendant City amends its response to this request. Specifically, Plaintiff has withdrawn his reference to "Exhibit A" in request No. 1 and has made clear that the request seeks written "policies, practices, guidelines, or other form of instruction" to members of the Chicago Police Department, and not to the public. With that clarification, Defendant City objects to this request as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant City objects to this request because Plaintiff's criminal defense attorney has admitted in sworn testimony in this case that he knew how to obtain documents from the Chicago Police Department and, despite that knowledge, did not issue a subpoena to the Chicago Police Department related to the Valentin homicide. Subject to and without waiving these objections, Defendant City responds that it has no documents responsive to this request.

4. Any documents relating to training on the policies, practices, guidelines or other form of instruction referenced in request number 2, above.

**ANSWER:** In light of Plaintiff's counsel's email correspondence dated February 10, 2015, Defendant City amends its response to this request. Specifically, Plaintiff has withdrawn his reference to "Exhibit A" in request No. 2 and has made clear that the request seeks written "policies, practices, guidelines, or other form of instruction" to members of the Chicago Police Department, and not to the public. With that clarification, Defendant City objects to this request as vague, ambiguous, overbroad (specifically, it requests documents from 1992 to the present, a twenty-three period of time and well after Plaintiff's arrest and prosecution), and not reasonably calculated to lead to the discovery of admissible evidence (specifically, it requests documents

from a time period well after Plaintiff's arrest and prosecution). Further, Defendant City objects to this request because Plaintiff's criminal defense attorney has admitted in sworn testimony in this case that he knew how to obtain documents from the Chicago Police Department and, despite that knowledge, did not issue a subpoena to the Chicago Police Department related to the Valentin homicide.

Date: March 27, 2015

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60602

Respectfully Submitted,
CITY OF CHICAGO

_____
One of its attorneys

## PROOF OF SERVICE

      The undersigned, an attorney, states that a true and correct copy of **Defendant City of Chicago's Amended Response to Plaintiff's Seventeenth Request to Produce Documents to City of Chicago** was served upon the attorneys listed on the attached Service List by electronic mail and by depositing a copy of the same in the U.S. Mail at 321 North Clark Street, Suite 2200, Chicago, Illinois 60654 before the hour of 5:00 p.m. on March 27, 2015.

                                                                         Catherine M. Barber

Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
ROCK FUSCO & CONNELLY, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60602
(312) 494-1000
(312) 494-1001

# SERVICE LIST

Loevy & Loevy
Attn: Arthur Loevy
312 North May Street, Ste. 100
Chicago, Illinois 60607
loevylaw@loevy.com
jon@loevy.com
elizabethm@loevy.com
russell@loevy.com
mike@loevy.com
steve@loevy.com
anand@loevy.com

Roderick MacArthur Justice Center
Northwestern University School of Law
Attn: Locke E. Bowman
375 East Chicago Ave.
Chicago, Illinois 60611
l-bowman@law.northwestern.edu
a-vanbrunt@law.northwestern.edu

Bluhm Legal Clinic
Northwestern University School of Law
Attn: J. Samuel Tenenbaum
375 East Chicago Avenue
Chicago, Illinois 60611
s-tenenbaum@law.northwester.edu

The Sotos Law Firm
Attn: James G. Sotos
550 East Devon Ave., Ste. 150
Itasca, Illinois 60143
jsotos@jsotoslaw.com
cgolden@jsotoslaw.com
eekl@jsotoslaw.com
jgiven@jsotoslaw.com