IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN MAYSONET, JR. ) | |
| ) | Case No. 18 CV 02342 |
| Plaintiff, ) | |
| ) | Hon. Andrea R. Wood |
| ) | |
| vs. ) | |
| ) | Magistrate Maria Valdez |
| ) | |
| REYNALDO GUEVARA, ERNEST ) | |
| HALVORSEN, EDWARD MINGEY, ) | |
| EPPLEN, FERNANDO MONTILLA, ROLAND ) | JURY DEMAND |
| PAULNITSKY, FRANK DIFRANCO, CITY OF ) | |
| CHICAGO, and COOK COUNTY ) | |
| ) | |
| Defendants. ) | |

**JOINT DISCOVERY STATUS REPORT**

NOW COMES all parties, by their respective counsel, and state the following:

1. **Plainiff's Position**
   a. Plaintiff's counsel and the Defendants, including counsel for the City of Chicago, met and conferred on August 21, 2024 in connection with matters related to the belated disclosure of the investigative file in this case, disclosed 6 and 1/2 years after the filing of Plaintiff's lawsuit and in the middle of summary judgment practice.
   b. As this Court is aware, Plaintiff's counsel was informed on July 30, 2024 that what appeared to be the investigative file for the Wiley Brother's homicide was discovered. The City has failed to specifically identify where the file was recovered or provide a sufficient explanation as to why it was not previously produced. It is also unclear what file was previously produced to Plaintiff and whether it has any particular name. The City continues to investigate these issues and expects that its 30(b)(6) witness(es) will be able to address these topics. It is unquestionably a parallel file of sort sort – otherwise known as a street file. There are documents in the recently produced investigative file that appear no where else, including in the CCSAO file. Mostly importantly, the recently produced file contains documents that suggest that the Wiley Brothers' homicide was reinvestigated in 2004 – long after Plaintiff was convicted. Notably, the documents were prepared by a Sergeant Velez who was assigned to Area Five Cold Case Unit in 2004.
   c. In light of the foregoing, Plaintiff seeks to conduct the foregoing discovery in an expedited manner.
      • Deposition of Sergeant Velez
      • 30(b)(6) deposition of City designees regarding the creation and maintence

        of files associated with homicide investigations both in this case and other homicide cases during the relevant time period. Plaintiff forwarded a 30(b)(6) notice to the City on August 22, 2024.
- Supplemental/Amended expert disclosure

   d. Plaintiff is of the view that this limited discovery can be completed by September 15, 2024 which would allow summary judgment practice to continue on schedule. The City has expressed skepticism about this timeline.

   e. If summary judgment practice cannot be completed in sufficient time to keep the currently scheduled trial date, Plaintiff respectfully requests that this Court propose alternative trial dates as soon as possible. Plaintiff should not have to get in the back of the line for a trial or forego critical discovery because of the City's outrageous discovery violation.

   f. The proposed supplemental discovery demands is contingent on keeping the current summary judgment and trial schedule. Should the trial get adjourned Plaintiff may seek additional discovery. Plaintiff has only limited his discovery requests in hopes of keeping on schedule.

   g. Plaintiff further reserves the right to seek leave to rely on discovery developed in the case of *Gonzalez v. Guevara, et al.*(Plaintiff's criminal co-defendant's civil case) where discovery has not yet closed.

**2. Defendants' Position:**

   a. As the City reported to Plaintiff's counsel and this Court, in connection with responding to discovery issued by Plaintiff in the *Gonzalez* case, two additional folders that the City's undersigned counsel believes represents additional parts of the investigative file related to the Area 5 investigation into the Wiley Brothers' homicide investigation. The City also represented that it agreed that if Plaintiff wanted to conduct discovery into the discovery of the additional materials, the City would not oppose reasonable discovery. The City's position regarding additional discovery remains the same.

   b. The City does not object to producing Sgt. Velez, 30(b)(6) witnesses or allowing Plaintiff to supplement and/or amend his expert disclosure. The City is reviewing the 30(b)(6) notice Plaintiff sent on August 23, 2024 and will respond with objections, if any, as soon as it can. To the extent Plaintiff supplements and/or amends his expert disclosure, Defendants reserve the right to depose the expert(s) regarding the supplement and/or amendment. Defendants will also undoubtedly need to supplement and/or amend their expert disclosure to address Plaintiff's supplement and/or amendment.

   c. Plaintiff is correct that the City, as well as the other Defendants, are skeptical about being able to conclude the identified discovery by September 15. The 30(b)(6) notice still needs to be evaluated and possibly negotiated/litigated. The depositions need to be scheduled and then once those are completed the parties will need to address the expert disclosure piece. But even if the parties could complete the depositions and expert disclosures in three weeks, the summary judgment pleadings will need to be amended to account for the new discovery. Defendants can envision no scenario where the amended pleadings could be filed before September 30. Using the previous schedule (dkt. 352) as a guide, response briefs would then be due October 28 and reply briefs would be due November 18. Accordingly, summary judgment cannot proceed on schedule (the current schedule provided that summary judgment would be fully briefed by September 3.

   d. Defendants defer to the Court regarding the viability of holding the current trial date.

  e. Defendants object to Plaintiff relying on *Gonzalez* to conduct additional discovery that he can use in this case. While Defendants appreciate Plaintiff's desire to keep his trial date, Plaintiff cannot seek limited discovery here but then rely on discovery developed in the *Gonzalez* case to thwart summary judgment or to use at trial.

            Respectfully Submitted,

            PLAINTIFF JOSE MAYSONET

            By:  /s/*Jennifer Bonjean*
            One of Plaintiff's attorneys
            Jennifer Bonjean
            Ashley Cohen
            Steve Greenberg
            Bonjean Law Group, PLLC
            1000 Dean St., Ste. 422
            Brooklyn, New York. 11238
            718-875-1850

| CITY OF CHICAGO | FERNANDO MONTILLA, ROLAND PAULNITSKY, SGT. EPPLEN |
|---|---|
| By: /s/ *Eileen E. Rosen* | By: /s/ *Josh Engquist* |
| One of its attorneys | One of their attorneys |
| Eileen E. Rosen | James G. Sotos |
| Austin G. Rahe | Jeffrey N. Given |
| Catherine M. Barber | Josh M. Engquist |
| Theresa Berousek Carney | Jeffrey R. Kivetz |
| Rock Fusco & Connelly, LLC | David A. Brueggen |
| 333 West Wacker Drive, 19th Fl. | The Sotos Law Firm, P.C. |
| Chicago, IL 60606 | 141 W. Jackson Blvd., #1240A |
| 312.494.1000 | Chicago, IL 60604 |
| erosen@rfclaw.com | 630.735.3300 |
| | jengquist@jsotoslaw.com |

| REYNALDO GUEVARA, ERNEST HALVORSEN, EDWARD MINGEY | FRANK DIFRANCO COOK COUNTY |
|---|---|
| By: /s/ *Thomas Leinenweber* | By: /s/ *Sara Dixon Spivy, ASA* |

3

| | |
|---|---|
| One of their attorneys | One of their attorneys |
| Thomas Leinenweber | Sara Dixon Spivy |
| James V. Daffada | S. Mayumi Grigsby |
| Kevin Zibolski | Edward M. Brener |
| Justin Leinenweber | Cook County State's Attorney's Office |
| Leinenweber Baroni & Daffada | 500 Richard J. Daley Center |
| 120 N. LaSalle St. Ste 2000 | 5th Floor |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| 312.663-3003 | |
| thomas@ilesq.com | |

4