IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN MAYSONET, JR. ) | |
| ) | Case No. 18 CV 02342 |
| Plaintiff, ) | |
| ) | Hon. Mary M. Rowland |
| ) | |
| vs. ) | JURY DEMAND |
| ) | |
| ) | |
| REYNALDO GUEVARA, ERNEST ) | |
| HALVORSEN, EDWARD MINGEY, ) | |
| EPPLEN, FERNANDO MONTILLA, ROLAND ) | |
| PAULNITSKY, FRANK DIFRANCO, CITY OF ) | |
| CHICAGO, and COOK COUNTY ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT GUEVARA'S RULE 56.1
STATEMENT OF ADDITIONAL MATERIAL FACTS AND HIS OPPOSITION
TO SUMMARY JUDGMENT[1]**

Plaintiff requests that this Court strike Defendant Guevara's recently filed Rule 56.1 Statement of Additional Facts (he joined the City's Rule 56.1(a)(2) statement, Dkt. 436) and his previously filed request for summary judgment (Dkt. 362), because on their face they raise questions of fact, disregard the record, and overlook that Guevara has pleaded the fifth.[2]

---

[1] Given the current deadlines in this case and the Court's commitment to keeping the trial on track, which plaintiff shares, the plaintiff has addressed each the defendants' pending motions, regardless of their frivolity.

[2] Defendant Guevara suggests that the future may hold a surprise, "Whether Defendant Guevara will invoke his Fifth Amendment Rights at trial or not remains an issue to be determined at trial." Response, Dkt. 435, pg. 9. (Plaintiff is sure the FBI and others will anxiously await). But that does not matter, because the Court must decide the case on the record as it exists today, not on 'what ifs.' Beyond that, he has continued to

In support of this motion, Plaintiff states the following:

Defendant Guevara, who has never denied under oath that he beat and coerced the plaintiff into confessing to a murder he did not commit, is opposing the plaintiff's request for partial summary judgment and moving forward with his own. The plaintiff submits this pleading to streamline the process and conserve the Court's resources. Guevara's motion and response are meritless, and the plaintiff suggests that the Court consider this motion before wasting its time, as the plaintiff has had to.[3]

His filings barely contain reference to admissible evidence. "[S]ince when ruling on a Motion for Summary Judgment the Court must only consider evidence admissible at trial this court has been left with little." *Woods v. City of Chicago*, 234 F.3d 979 (7th Cir. 2000). This frustrates the purpose of Rule 56.1, which is intended

---

plead the fifth as recently as last month, and for him to try and testify after avoiding discovery is unrealistic. The reality is, Guevara, who even after he was given immunity was called a "bold face liar" by Cook County Circuit Court Judge Obbish in *People v. Solache*, and "A malignant blight on the Chicago Police Department and the judicial system" in *People v. Martinez,* (2021 IL App (1st) 190490, ¶ 64), is not going to testify.

[3] While the plaintiff's current motion focuses on Guevara, the same accusations hold for all defendants. Each defendant has blatantly manipulated the factual record, neglecting crucial details to create an illusion of uncontested circumstances. They distort the truth and present excessively lengthy factual paragraphs disregarding local rule. This approach only complicates the Court's task: "It is not the role of the court to parse the parties' statements of facts and exhibits to construct the undisputed facts. Judges are not "like pigs, hunting for truffles buried in briefs." [Citation]. 'Nor are they archaeologists searching for treasure.' [Citation]. It simply is not the court's job to sift through the record to determine whether there is sufficient evidence to support a party's claim. [Citation]. Rather, it is "[a]n advocate's job...to make it easy for the court to rule in his client's favor...." [Citations]." *Abdel-Ghaffar*, 2015 U.S. Dist. LEXIS 111940, 2015 WL 5025461 at *6 (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

to help the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). The moving party must provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). The purpose is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006).

The Seventh Circuit has consistently "held that a district court has broad discretion to require strict compliance with Local Rule 56.1." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008); see also *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994). (collecting cases). That means more than just piggybacking on another litigant. Local Rule 56.1(b)(3) delineates the responsibilities of the nonmovant in responding to the movant's Local Rule 56.1(a)(3) statement of material facts. Each assertion and counter-assertion must be substantiated with a precise reference to the record, as indicated by L.R. 56.1(b)(3)(B)-(C); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). A failure to adequately present or support facts in the Rule 56.1

response will result in the movant's version of the facts being deemed admitted, as established in L.R. 56.1(b)(3)(C). *Shaffer v. American Medical Ass'n*, 662 F.3d 439, 442 (7th Cir. 2011); *Rao v. B.P. Products North America, Inc.*, 589 F.3d 389, 393 (7th Cir. 2009).

In this instance, Guevara finds himself riding on the coattails of the officers' statements, assenting to their version of the facts even when it starkly contrasts with his reluctance to answer. Their narrative outlines the course of the investigation and supposedly their actions, yet Guevara has conspicuously shied away from doing the same. He cannot simply decline to partake in the discovery process and then expect to reap the rewards he has chosen to avoid.

On the record he has created, Guevara has never denied under oath:

- That Maysonet paid him money to protect his drug dealing business. ¶¶14-15;

- That he and Maysonet had a falling out after Maysonet stopped paying him because he framed Maysonet's friend for a crime his friend did not commit, and Maysonet's friend subsequently killed himself. ¶¶17-20;

- That he and defendant Halverson first attempted to frame Francisco Veras and Efrain Cruz for this murder. (Halverson also pleaded the fifth) ¶¶28-36; and

- That he physically assaulted Maysonet while Maysonet was cuffed to a wall, using a phone book, a flashlight, and his hands when Maysonet told him he knew nothing about the murder, which resulted in a coerced and false statement. ¶¶46-49.

Guevara has failed to contest any of this and has shown a marked reluctance to testify under oath, specifically regarding his beating of Maysonet and others. He

4

has never denied beating Maysonet until Maysonet confessed to committing a murder that he had nothing to do with, and he has never rejected coercing false inculpatory statements from at least seven other individuals. Maysonet's SUMF ¶¶ 56-59.

Yet, in a display of remarkable absurdity, he has the audacity to file pleadings claiming that Maysonet's statement was given voluntarily. To support his claims, he relies on the statements of others. Guevara claims:

- No one threatened plaintiff into confessing;

- The plaintiff gave his court reported confession freely and voluntarily; and

- The plaintiff was treated "good" by the police before giving his court-reported confession.[4]

To assert these as declarations of "undisputed facts" within the framework of this litigation is nothing short of farce! Here stands Guevara, presenting to this Court a tapestry of disputed facts, which he, quite remarkably, chooses not to dispute. He is unwilling to testify ANY of his facts are true. "So when, in the face of a credible allegation, an officer of the court is unwilling to assure the court that he and his colleagues did not physically coerce a confession, when he determines that a truthful answer could subject him to criminal liability, the court should take careful

---

[4] The motion and response also seem to rely on the fact that Maysonet's motion to suppress was not filed for two years, implying that this is significant, while overlooking that Maysonet's attorney was Guevara's personal counsel at the time, a fact known to Guevara but not to Maysonet.

5

note." *People v. Gibson*, 2018 IL App (1st) 162177, ¶ 108, 423 Ill. Dec. 242, 259, 105 N.E.3d 47, 64. It is the plaintiff who ought to win summary judgment.

To the extent Guevara is moving for summary judgment, he will not swear under oath he did not frame Maysonet. To the extent Guevara opposes summary judgment, he will not swear under oath that he did not frame Maysonet. He should not be able to hide behind his wall of silence and use it as a sword: "As we have stated before, 'The Court is not so sanguine about its ability to identify a plaintiff's false assertions that it will grant summary judgement to defendants who are unwilling to swear that they did not make the incriminating statements alleged.' Allah v. Greiner, 2004 U.S. Dist. LEXIS 14598, No. 03 Civ. 3789, 2004 WL 1713811, at *5 (S.D.N.Y. July 29, 2004)." *Smith v. City of N.Y.*, 2005 U.S. Dist. LEXIS 7903, at *16 (S.D.N.Y. Apr. 29, 2005).

The plaintiff recognizes that all litigants possess the right to their day in court. And the most efficient and prudent course of action may involve resolving all of the pending motions on their merits. But at a bare minimum, it would be fitting for this Court to issue a cautionary note, ensuring that the parties, and more crucially the Court, avoid encountering a recurrence of this situation with future motions. It would serve everyone's interests if motions that do not adhere to the rules and are frivolous were not submitted in the future.

Respectfully Submitted,

PLAINTIFF JOSE MAYSONET

By: /s/*Steven Greenberg*
*One of Plaintiff's attorneys*

6

Jennifer Bonjean
Ashley Cohen
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Fl
Brooklyn, New York 11231
718-875-1850

Steve Greenberg
GREENBERG TRIAL LAWYERS
Attorneys and Counselors
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
(312) 399-2711